# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 12-100 |
| | ) | |
| DAMON AGURS, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

### I. MEMORANDUM

Presently before the Court are Defendant's Motion to Withdraw Plea of Guilty (Doc. 101) and Motion to Reject Plea Agreement (Doc. 103). After careful consideration, and for the reasons stated below, Defendant's Motion to Withdraw Plea of Guilty (Doc. 101) will be denied. The Court will defer ruling on Defendant's Motion to Reject Plea Agreement (Doc. 103) until the Court reviews any supplemental information or memoranda with respect to sentencing.

**PROCEDURAL BACKGROUND**

On April 17, 2012, a federal grand jury returned a two-count indictment against Defendant Damon Agurs. Defendant was charged with conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846 (Count 1), and possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 2). Shortly thereafter, Defendant requested a pre-plea presentence investigation report, which the Probation Office issued on June 26, 2012. The pre-plea report indicated that Defendant was a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines.

After the disposition of pretrial motions, the parties informed the Court that Defendant and the Government had entered into a plea agreement. Accordingly, the Court held a change of

plea hearing on February 5, 2014. During the hearing, the Court learned that the parties had agreed, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that Defendant should be sentenced to a 120-month term of imprisonment. In exchange for Defendant's guilty plea to Count II of the indictment, the Government agreed to dismiss Count I, the conspiracy charge. The Court informed Defendant of his rights, found that his plea was knowing and voluntary, and accepted his plea of guilt. The Court, however, deferred whether to accept or reject the terms of the Rule 11(c)(1)(C) plea agreement until after the completion of a presentence investigation report.

The final presentence investigation report ("PSIR") was filed on April 11, 2014, and was disclosed to Defendant, the Government and the Court. Consistent with the pre-plea presentence investigation report, the PSIR indicated that Defendant was a career offender pursuant to § 4B1.1 of the Sentencing Guidelines. On April 21, 2014, Defendant filed his Position with Respect to Sentencing Factors (Doc. 88), raising, for the first time, an objection to his career offender status. Specifically, Defendant argued that his prior conviction for resisting arrest could not count as a predicate "crime of violence" because it was "not counted separately under U.S.S.G. § 4A1.1(a), (b) or (c)." (Doc. 88 at 2). In support of his argument, Defendant relied on an opinion from the United States Court of Appeals for the Eighth Circuit, *United States v. King*, 595 F.3d 844 (8th Cir. 2010). Shortly thereafter, Defendant filed a Motion for a Status Conference (Doc. 89), to which the Government filed a response in opposition (Doc. 90).

On April 25, 2014, the Probation Office filed an addendum (Doc. 91) to the PSIR, disagreeing with Defendant's position that he was not a career offender. After careful consideration of Defendant's argument, the Court issued an Order (Doc. 93), on May 2, 2014, denying Defendant's Motion for a Status Conference. In the Order, the Court indicated its

agreement with the reasoning set forth in the Probation Office's addendum, and to the extent the Probation Office's reasoning was contrary to *United States v. King*, 595 F.3d 844 (8th Cir. 2010), the Court explicitly rejected the reasoning in *King*.

Subsequently, Defendant filed a Motion for Reconsideration (Doc. 98), asking the Court to vacate its May 2, 2014 Order and schedule a status conference. The Court granted the motion, only to the extent that it sought a status conference, and scheduled such a conference for July 23, 2014. Prior to the conference, however, Defendant filed a Motion to Withdraw Plea of Guilty (Doc. 101) and Motion to Reject Plea Agreement (Doc. 103). As such, the Court converted the July 23, 2014 status conference into a motion hearing, where it heard oral argument on Defendant's pending motions. As such, the Motion to Withdraw Plea of Guilty (Doc. 101) is now ripe for disposition.

## **ANALYSIS**

Defendant argues, in his Motion to Withdraw Plea of Guilty (Doc. 101) that he should be entitled to withdraw his guilty plea because of his "mistaken belief" that he was a career offender. The Court disagrees, because: (1) the Court continues to stand by its decision in the May 2, 2014 Order that Defendant is indeed a career offender; and (2) even if Defendant was not a career offender, Defendant has still not met his burden of showing that he has a fair and just reason to withdraw his plea.

### **1. Career Offender Status**

Under § 4B1.1(a) of the United States Sentencing Guidelines, a defendant is a "career offender" if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant

3

> has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Section 4B1.2(c) then provides that "the term 'two prior felony convictions' means … the sentences for at least two of the aforementioned felony convictions *are counted separately under the provisions of § 4A1.1(a), (b), or (c)*." U.S.S.G. § 4B1.2(c) (emphasis added). Section 4A1.2(a)(2), which governs whether sentences are "counted separately" or as a "single sentence," provides that:

> … Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest ... If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence … For purposes of applying § 4A1.1(a), (b), and (c), if prior sentences are counted as a single sentence, use the longest sentence of imprisonment if concurrent sentences were imposed …

U.S.S.G. § 4A1.2(a)(2).

Here, Defendant argues that his prior resisting arrest conviction cannot count as a predicate "crime of violence" because it was "not counted separately under U.S.S.G. § 4A1.1(a), (b) or (c)." (Doc. 88 at 2). Specifically, Defendant argues that because his sentence for resisting arrest was imposed on the same date as his sentences for two firearm offenses, which are not crimes of violence, and the longest sentence of imprisonment was imposed for the firearms offenses, these offenses, rather than his resisting arrest offense, received criminal history points under § 4A1.1(a). Therefore, because his resisting arrest offense was not "counted separately" under §§ 4A1.1(a), (b) or (c), Defendant argues that this offense cannot serve as a predicate felony offense for his career offender status.

4

In support of his argument, Defendant relies on an opinion from the United States Court of Appeals for the Eighth Circuit, *United States v. King*, 595 F.3d 844 (8th Cir. 2010). In *King*, the Eighth Circuit, addressing a similar argument from a defendant regarding his career offender status, held the following:

> Because a conviction is not a 'prior felony' within the meaning of § 4B1.1 unless is receives criminal history points under subsection (a), (b), or (c) of § 4A1.1, and because it is uncertain whether King's convictions for resisting arrest received points under one of those subsections, we apply the rule of lenity and give [the defendant] the benefit of the reading which results in a shorter sentence. Accordingly, we conclude that the district court erred in sentencing King under § 4B1.1

*King*, 595 F.3d at 852 (internal citations omitted).

However, as the Government noted during the July 23, 2014 hearing, the Sixth Circuit recently issued an opinion, *United States v. Williams*, 753 F.3d 626 (6th Cir. 2014), which explicitly rejects the *King* decision. The Sixth Circuit, unlike the Eighth Circuit in *King*, found no ambiguity in § 4B1.2(c), the provision requiring that the two prior felony convictions be *counted separately* under § 4A1.1(a), (b) or (c). Instead, the Sixth Circuit determined that § 4B1.2(c) was intended to guard against the situation in which a single criminal episode could result in the imposition of two predicate crimes for the career offender enhancement. *Id.* at 639. The Sixth Circuit held that to hold otherwise would result in the "ridiculous result," where a defendant could evade career offender status by committing *more crimes* than the qualifying offense, which could not have been the intent of Congress. *Id.*

The Court finds the reasoning in *Williams* particularly persuasive. Accordingly, for the reasons stated in *Williams*, as well as Probation Office's reasoning in the addendum to the PSIR (Doc. 91), the Court stands by its decision that Defendant is a career offender within the meaning of § 4B1.1 of the Sentencing Guidelines. While the Court recognizes the existence of *United*

5

*States v. Santiago*, 387 Fed. Appx. 223 (3d Cir. 2010), which tends to support Defendant's position,[1] *Santiago* is non-precedential, and the Third Circuit lacked the benefit of the analysis in *Williams* at the time of its decision. As such, *Santiago* does not alter the Court's decision as to Defendant's career offender status in this case.

### 2. Motion to Withdraw

Even if Defendant was not actually a career offender under the guidelines, he would still not be entitled to withdraw his guilty plea under these circumstances. Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure provides that "[a] defendant may withdraw a plea of guilty … after the court accepts the plea, but before it imposes sentence if … the defendant can show a *fair and just reason* for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B) (emphasis added). "The burden of demonstrating a 'fair and just' reason falls on the defendant, and that burden is substantial." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003).

When evaluating a motion to withdraw a guilty plea, a district court must consider the following three factors: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *Id.* While the "analysis requires that a district court *consider* each factor, [it] does not make any one mandatory such that failure to establish one will necessarily dictate rejection of the motion." *United States v. Wilder*, 134 Fed. Appx. 527, 528 (3d Cir. 2005) (emphasis in original). Moreover, the Court need not consider "prejudice to the government unless the defendant first shows sufficient grounds for withdrawing his plea."

---

[1] In *Santiago*, the Court of Appeals for the Third Circuit examined Comment Note 10 to § 2K2.1(a)(4) of the guidelines, which, similar to § 4B1.2(c), provides the following: "use only those felony convictions that receive criminal history points under § 4A1.1(a), (b), or (c)." 387 Fed. Appx. at 227 (citing U.S.S.G. § 2K2.1(a)(4)(A) cmt. n. 10). The court held that, because defendant's controlled substance offense was sentenced simultaneously with another non-qualifying offense, the controlled substance conviction did not receive any additional criminal history points under § 4A1.1(a), (b), or (c), and the enhancement under § 2K2.1(a)(4)(A) did not apply. *Id.* at 227-28.

*United States v. Chen*, 42 Fed. Appx. 537, 540 (3d Cir. 2002). "A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *Jones*, 336 F.3d at 252.

Here, Defendant argues that he should be entitled to withdraw his guilty plea because of his "mistaken belief" that he was a career offender. Defendant argues that the agreed-upon sentence of 120 months appeared reasonable to him when he pled guilty, because he mistakenly believed that he was a career offender facing harsh penalties. Defendant suggests that because he is not actually a career offender, his guilty plea could not have been knowing.

The Court of Appeals for the Third Circuit, in *United States v. Vondsander*, 227 Fed. Appx. 192 (3d Cir. 2007), addressed a similar issue when a defendant sought to withdraw his plea after learning that he *was* a career offender. The defendant's attorney had failed to inform him of the possibility that he would be classified as a career offender before he pled. *Id.* at 193. In an attempt to withdraw his plea, the defendant argued that he did not adequately understand the plea agreement or that he could be subject to such a high sentence. *Id.* at 194. The Third Circuit rejected this argument, noting that defense counsel had read each paragraph of the plea agreement to the defendant before he changed his plea, and that the defendant stated during his plea that he "understood the charges against him, the terms of the plea agreement, and the rights that he was giving up by pleading guilty." *Id.* Other courts of appeals have similarly held that a defendant is not entitled to withdraw a guilty plea upon learning that he or she is facing a much higher sentence than anticipated, even when an attorney failed to inform defendant of that possibility prior to the change of plea. *See, e.g.*, *United States v. Himick*, 139 Fed. Appx. 227, 229 (11th Cir. 2005) (defendant not entitled to withdraw plea when attorney inaccurately

estimated his sentence and offense level, because defendant acknowledged to the court that he understood the maximum possible sentence); *United States v. Ludwig*, 972 F.2d 948, 951 (8th Cir. 1992) (defendant not entitled to withdraw plea when he discovered he was a career offender, since he was told the possible range of punishment and that the Guidelines would apply).

The Court recognizes that Defendant's situation here is unique, in that he wants to withdraw his plea because his sentence range is now *lower* than he originally anticipated at the time of his guilty plea. Nonetheless, the Court finds that the reasoning in the aforementioned cases still applicable. Here, Defendant was informed of the possible penalties during his change of plea and that the Court would not be able to determine his advisory guideline range until after the presentence report was completed. *See* Tr. (Doc. 81) at 9, 14-15. The Court also informed Defendant that, under the guidelines, the Court would have the authority to depart upward and downward from the applicable guideline range. *Id.* at 14. As such, the Court does not see how Defendant's plea was not knowing simply because the guideline range turned out to be lower than he was anticipated. Indeed, if the Court allowed Defendant to withdraw his plea under these circumstances, it would essentially have to allow any defendant who had an agreed-upon sentence with the Government under Rule 11(c)(1)(C) to withdraw a plea if it turned out that he or she was facing more or less time than expected.

Additionally, Defendant does not assert that his plea agreement was in any way contingent on his career offender status, or that his counsel made any assurance to him that he would or would not be classified a career offender. Defendant acknowledged during the plea colloquy that the plea agreement set forth the entire understanding and agreement with the government concerning the charges pending against him, and that, other than the plea agreement, no one had made any prediction or promise to him as to what his actual sentence would be. *Id.* at

8

12-13. The plea agreement itself is likewise void of any indication that the agreed-upon sentence of 120 months was in any way based upon, or contingent upon, Defendant's status as a career offender. As such, Defendant could not prevail on his motion to withdraw his plea on a theory of "mutual mistake." *See United States v. Cieslowski*, 410 F.3d 353, 362 (7th Cir. 2005) (defendant not entitled to withdraw guilty plea on grounds of mutual mistake when an amendment to the guidelines unexpectedly led to a lower range than his agreed-upon sentence, since there was no indication that the parties intended the stipulated sentence to be contingent on a particular method of calculating the sentence).

To the extent that Defendant suggests that his attorney's failure to discover that he not a career offender prior to the change of plea hearing amounts to ineffective assistance of counsel, the Court disagrees. A defendant is only permitted to withdraw a guilty plea based on ineffective assistance of counsel if "(1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms; and (2) the defendant shows that he suffered 'sufficient prejudice' from his counsel's errors." *Jones*, 336 F.3d at 253 (internal citations omitted). Here, it is difficult to see how Defendant could establish that his attorney's advice about his career offender status was unreasonable, given that the Probation Office, the Government, and, most notably, the Court, have all agreed that Defendant is a career offender.[2]

Regardless, it is unlikely that Defendant could show that he suffered significant prejudice from this his attorney's advice that he would be classified as a career offender. In *Cieslowski*, the Court of Appeals for the Seventh Circuit faced a similar issue when a defendant sought to withdraw his guilty plea once he discovered that both parties overlooked an amendment to the sentencing guidelines that decreased his sentencing range. 410 F.3d at 357. The defendant in

---

[2] Indeed, under these circumstances, it well could be argued that to counsel Defendant to the contrary might be unreasonable.

*Cieslowski* entered into a plea agreement pursuant to Rule 11(c)(1)(C), but after the defendant pled guilty, the presentence investigation report revealed that his highest guideline sentence was actually 42 months below the parties' agreed-upon sentence. *Id.* at 357-58. The Seventh Circuit held that the defendant could not withdraw his plea on the grounds of ineffective assistance of counsel because he failed to present any evidence that a reasonable probability existed that he would have gone to trial had he known of the amendment. *Id.* at 359-60. In doing so, the Seventh Circuit noted that there was no reason to believe that the Government would have entered into a plea agreement that stipulated to a lower sentence, especially since the Government had agreed to dismiss numerous counts against defendant in exchange for his plea. *Id.* at 360.

Similarly, here, Defendant has failed to present any objective evidence that there is a reasonable probability that he would have gone to trial had he known that he was not a career offender. The Government agreed to dismiss Count I, the conspiracy charge, in exchange for Defendant's plea to Count II, and the Government has represented that, absent the plea, it could have pursued other sentencing enhancements and an additional firearms charge. *See* Doc. 104 at 2. Further, a much larger quantity of heroin could very well have been attributed to Defendant absent the stipulated amount in the plea agreement, resulting in a much higher sentence. Accordingly, under the circumstances of this case, the Court could have easily still imposed a 120-month sentence in this case, regardless of whether the parties stipulated to that sentence in the plea agreement. As such, even if defense counsel's advice regarding Defendant's career offender status was unreasonable, Defendant unlikely would be able to show that he was significantly prejudiced by this advice.

**CONCLUSION**

The Court continues to stand by its decision that Defendant is a career offender; and regardless, Defendant has not met his burden of establishing a fair and just reason to withdraw his plea of guilty. As such, Defendant's Motion to Withdraw Plea of Guilty (Doc. 101) will be denied. Defendant's sentencing hearing is now scheduled for **August 13, 2014, at 10:00 a.m.** Any supplemental information or memoranda with respect to sentencing shall be filed on or before **August 6, 2014**. Upon receipt and consideration of any such information and/or memoranda, the Court will address Defendant's Motion to Reject the Plea Agreement (Doc. 103).

**II. ORDER**

Consistent with the foregoing, Defendant's Motion to Withdraw Plea of Guilty (**Doc. 101**) is hereby **DENIED**.

July 28, 2014                               s\Cathy Bissoon
                                            Cathy Bissoon
                                            United States District Judge


cc (via ECF email notification):

All Counsel of Record